**Betty J. MUTAFIS, Appellee,**

v.

**ERIE INSURANCE EXCHANGE, a Pennsylvania Corporation, Appellant.**

**Erie Insurance Company, a Pennsylvania Corporation, Defendant.**

**No. 83–1421.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 10, 1984.

Decided Oct. 30, 1985.

**594**

James R. Watson, Clarksburg, W.Va. (Steptoe & Johnson, Gordon H. Copland, Clarksburg, W.Va., on brief), for appellant.

David J. Romano, Clarksburg, W.Va. (Young, Morgan, Cann & Romano, Clarksburg, W.Va., on brief), for appellee.

Before WINTER, Chief Judge, and MURNAGHAN, and SPROUSE, Circuit Judges.

PER CURIAM:

In this appeal from the judgment in favor of plaintiff in her suit against Erie Insurance Exchange (Erie) under West Virginia's Unfair Trade Practices Act, we certified the issues of state law to the West Virginia Supreme Court of Appeals. *Mu-tafis v. Erie Insurance Exchange*, 728 F.2d 672 (4th Cir.1984). Therein we set forth the facts, and we need not repeat them.

In an opinion filed March 28, 1985, the West Virginia court ruled that (1) a private cause of action of the type alleged by plaintiff could be maintained under the West Virginia statute, (2) the statute prohibits both the dissemination of false statements maliciously critical of or derogatory to a person's financial condition that are calculated to injure such person and the intentional inclusion in a private office file of any false material statement of fact as to the financial condition of a person, (3) an alleged transgressor of the statute had a defense of qualified privilege co-extensive with the defense of qualified privilege that existed heretofore in common law actions for defamation, and (4) under the facts of this case, Erie was not entitled to maintain the defense of qualified privilege. *Mutafis v. Erie Insurance Exchange*, W.Va., 328 S.E.2d 675 (1985).

In our view, the decision of the West Virginia Supreme Court of Appeals decides all of the issues on appeal in favor of plaintiff except Erie's constitutional claim. Erie argues that the offending publication was "commercial speech" entitled to First Amendment protection and that it may be held liable to plaintiff only upon clear and convincing proof of actual malice—in short, that its liability, if any, is to be measured by the standards articulated in *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) and *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). It argues that the case was not submitted to the jury under an instruction in compliance with these authorities and alternatively that the proof was legally insufficient to satisfy them.

The recently decided case of *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, — U.S. —, 105 S.Ct. 2939, 86 L.Ed.2d 593 (1985) now forecloses those

arguments.* There a majority of the Court ruled that the principles of *New York Times* and *Gertz* had no application where the speech concerned no public issue but was speech solely in the individual interest of the speaker and was on a matter of purely private concern. The defamatory publication here falls into that category. It was strictly an inter-office memorandum for the use of only certain of Erie's employees in dealing with plaintiff's loss of personal property. There was therefore no constitutional requirement that the jury be instructed in accordance with *New York Times* and *Gertz,* and we think that the evidence was legally sufficient to permit the jury to return a verdict for plaintiff for both compensatory and punitive damages under common law principles.

AFFIRMED.

---

* After the parties filed supplemental briefs commenting on the decision of the West Virginia Supreme Court of Appeals, we informally stayed our decision awaiting the decision in *Greenmoss.*